

IN THE

# Court of Appeals of Indiana

Rita Tafelski,

*Appellant*

v.

Shawn P. Ryan,

*Appellee*



FILED

Jul 10 2026, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

July 10, 2026

Court of Appeals Case No.
26A-CT-141

Appeal from the St. Joseph Superior Court

The Honorable Jamie C. Woods, Judge

Trial Court Cause No.
71D06-2304-CT-192

---

**Opinion by Judge Brown**
Judges Bailey and Weissmann concur.

**Brown, Judge.**

[1] Rita Tafelski appeals the denial of her request to amend certain discovery deadlines and the entry of summary judgment in favor of Shawn P. Ryan. We reverse and remand.

## Facts and Procedural History

[2] On January 5, 2023, Tafelski, who was represented by attorneys C. Anthony Ashford and Joseph Miyake, filed a complaint alleging legal malpractice against Ryan. She alleged that she retained Ryan to represent her in an estate action, two defamation lawsuits, and a collection action and that he committed malpractice by failing to exercise reasonable care in the representation, to reasonably prosecute the claims, to timely properly advise her, and to reasonably protect her interests. In October 2023, attorneys Ashford and Miyake moved to withdraw as Tafelski's counsel stating there was a breakdown in communication, and the court granted their request. Also in October 2023, attorneys Bryan L. Ciyou and Anne M. Lowe filed appearances to represent Tafelski. On May 24, 2024, attorneys Ciyou and Lowe moved to withdraw stating there was a breakdown in the attorney-client relationship, and the court granted the request. On May 25, 2024, attorney Matthew Foster ("Attorney Foster") filed an appearance to represent Tafelski.

[3] On May 22, 2025, the court issued a Pre-Trial Conference Order (the "Pre-Trial Order") stating: "1. Expert disclosure deadline is July 11, 2025," "9. Final

Pretrial Conference is set for March 20, 2026," and "11. A jury trial is set for April 21, 2026." Appellant's Appendix Volume II at 19.

[4] On June 18, 2025, Attorney Foster filed a Motion for Leave to Withdraw Appearance, stating that Tafelski "is dissatisfied with [him] and has also failed to meet her agreed financial obligations" and "[c]ommunications between [Tafelski] and [him] has [sic] also broken down." *Id*. at 21. Attorney Foster attached a copy of an email he sent to Tafelski on June 18 stating:

> This is a more formalized notice of my intent to withdraw as your attorney. For reasons I've shared with you – including your continued complaints, accusations, and dissatisfaction with me, and your refusal to pay what you owe me – I cannot continue representing you in this matter. A draft of the motion I will be filing this evening is attached.
>
> There are no imminent events scheduled in the case, though certain deadlines have been set in the Court's recent pretrial order (which you've already received, but I have attached again). Also, as you know, [Ryan's] counsel have asked for supplementation of certain discovery responses. I am hopeful the attorneys will permit you additional time to deal with those responses in view of my withdrawal from the case.

*Id*. at 23. On June 24, 2025, the court set a hearing on Attorney Foster's motion to withdraw for July 23, 2025.

[5] On June 30, 2025, the parties by their counsel filed a "Joint Motion to Stagger Expert Witness Disclosure Deadlines" which requested the court to stagger the expert witness disclosure deadlines with Tafelski's deadline on July 11, 2025, Ryan's deadline on August 25, and Tafelski's rebuttal expert witness deadline

on September 24.[1]  *Id*. at 25.  On July 1, 2025, the court issued an order granting the joint motion providing:

> IT IS THEREFORE ORDERED THAT the expert witness disclosure deadlines are as follows:
>
> a.    [Tafelski's] expert witness disclosure deadline = July 11, 2025
>
> b.    [Ryan's] expert witness disclosure deadline = August 25, 2025 (45 days after [Tafelski's] deadline)
>
> c.    [Tafelski's] rebuttal expert witness disclosure deadline = September 24, 2025 (30 days after [Ryan's] deadline)
>
> d.    Expert Discovery Deadline = October 31, 2025

*Id*. at 27.  The order indicated that it was distributed to all counsel of record.

[6]    On July 23, 2025, the court held a hearing at which Tafelski and Attorney Foster were present and Ryan and his counsel were not present.  The court stated, "[t]he Court set various dates governing this proceeding, including a jury trial that's been set," and "[s]o there's dates that govern this proceeding" and asked "[Attorney] Foster has made you aware of that; is that right," and Tafelski replied, "Yes, sir."  Transcript Volume II at 8.  Tafelski asked "may I ask for an extension or may I ask how long do I have to find another attorney," and the court stated "those are issues that I can't address right now," "[t]he

---

[1] The joint motion includes Attorney Foster's signature.  *See* Appellant's Appendix Volume II at 26 ("s/ Matthew Foster (with permission)").

defense in this case was noticed of a hearing related to one issue, and that's [Attorney] Foster's Motion to Withdraw Appearance," and "I cannot discuss with you anything else other than that Motion." *Id*. at 10. The court granted Attorney Foster's motion to withdraw his appearance.

[7] On August 25, 2025, attorneys Gabriel Hawkins ("Attorney Hawkins") and Brett Thomas ("Attorney Thomas") filed an appearance to represent Tafelski and a "Motion for Leave to Amend Case Management Deadlines and Set Scheduling Conference" (the "Motion to Amend Deadlines"). Appellant's Appendix Volume II at 30. Tafelski argued that, "[w]hile the Motion to Withdraw was pending, [her] expert witness disclosure deadline passed" and, "[g]enerally, an expert witness is required in a legal malpractice claim and if the case management deadlines are not extended, [she] will be prejudiced, and the result will be unjust." *Id*. at 31. She asked the court to vacate the deadlines and set a conference to select new case management deadlines including the expert witness disclosure deadlines. On August 27, 2025, Ryan filed an objection.

[8] On September 15, 2025, the court held a hearing. Tafelski's counsel, Attorney Thomas, argued that Tafelski has "had a few attorneys admittedly, but I don't know that she . . . should be punished . . . for her attorney failing . . . to file the expert disclosures and work the case." Transcript Volume II at 23. He argued "the offending conduct was primarily attributable to counsel, not the client, and the prejudices . . . to the opposing party, in our mind, is slight." *Id*. at 25. Ryan's counsel argued that Tafelski is "not even showing up with an expert and saying, oh, I'm sorry, here is the reason I missed the deadline, but here is my

expert," "[a]ll of her prior counsel have moved to withdraw on the same basis, which is a breakdown in communications," "this is not prior counsel's fault, this is [Tafelski] simply not being cooperative with her counsel, that's why we don't have this deadline being met," and "blowing up this pretrial schedule is simply going to needlessly delay this case." *Id*. at 27-28. The court stated: "This case has been around two years. The Court had both attorneys on the line. Anybody could have . . . requested additional time for designation of experts at the time. The Court would have granted it. The parties obviously had some discussions about an expert because there was an extension for [Ryan]." *Id*. at 32. The court stated "[t]his is a very close call." *Id*. at 43.

[9] On September 26, 2025, the court issued an order stating that it took the Motion to Amend Deadlines under advisement, that the parties agreed to mediation, and that, if mediation was unsuccessful, it would rule on the motion. On November 21, 2025, Ryan filed a motion for summary judgment arguing that, to establish a claim for legal malpractice, a plaintiff must offer an expert opinion on the standard of care, Tafelski has failed to support her claim with any expert opinion, and as a matter of law she cannot make a prima facie case of legal malpractice. On December 15, 2025, the mediator filed a report stating the parties mediated on that date but were unable to reach a resolution.

[10] On January 6, 2026, the court issued an order denying Tafelski's Motion to Amend Deadlines. The court found the following persuasive: "The lack of any explanation from [Tafelski] as to why an extension of the July 11, 2025, expert deadline was not sought until after the deadline expired"; "[t]he fact that the

expert disclosure deadline was extended by agreement of the parties on June 30, 2025," which demonstrated that Tafelski "knew there was such a deadline and had actual input in setting the date for the deadline"; that the Motion to Amend Deadlines "is not supported by any affidavit from [Tafelski] evidencing that she was unaware of the expert disclosure deadline"; "[t]he fact that [Tafelski] waited until over five (5) weeks after the expert deadline expired to file the Motion"; and "this case would generally require an expert witness" and the "likelihood that [Tafelski] would require the services of an expert has been self-evident since the filing of this action." Appellant's Appendix Volume II at 79. The court further found, "[t]here is prejudice to [Ryan] if [Tafelski's] Motion is granted," "[t]his matter has been pending for an extended period of time," "[i]n today's world of online dockets and the accessibility of court records to the general public by computer search, the pendency of this matter is readily available," and "[t]his could prejudice [Ryan] from being engaged by potential clients that would undertake such a search of pending lawsuits." *Id*.

[11] On January 13, 2026, Tafelski filed a Stipulation for Entry of Summary Judgment (the "Stipulation") stating the court denied her Motion to Amend Deadlines and, "[c]onsequently, [she] is unable to present expert witness testimony, which not only prevents her from being able to meaningfully respond to [Ryan's] *Motion for Summary Judgment*, but from presenting the merits of her case." Stipulation at 2. She stated, "[i]n the interest of judicial economy, [she] recognizes that any response to [Ryan's] *Motion for Summary Judgment* would be futile and therefore stipulates to the entry of summary

judgment in favor of [Ryan]." *Id*. at 3. Also on January 13, 2026, the court granted Ryan's summary judgment motion. Tafelski filed a notice of appeal. Ryan filed a motion to dismiss Tafelski's appeal, arguing that she cannot appeal a judgment to which she stipulated. A motions panel of this Court denied Ryan's motion to dismiss.

## Discussion

Tafelski argues the trial court abused its discretion in denying her Motion to Amend Deadlines. She argues that her counsel, Attorney Foster, was responsible for the missed deadline. She maintains that Attorney Foster assured her there were "no imminent events scheduled in the case." Appellant's Brief at 17 (citing Appellant's Appendix Volume II at 23). She notes that Attorney Foster "*represented* [*her*] *on July 11, 2025* when the designation became due." *Id*. She further argues that any prejudice to Ryan was not substantial and irreparable and that his opposition to her Motion to Amend Deadlines "was directed at the windfall associated with a non-merits-based dismissal rather than the avoidance of prejudice." *Id*. at 18. She argues the trial was scheduled for April 21, 2026, eight months after she filed her Motion to Amend Deadlines. She also notes this Court's preference for deciding disputes on their merits.

Ryan asserts that Tafelski entered into an agreed judgment which cannot be appealed and asks that we reconsider the motions panel's denial of his motion to dismiss. He asserts that Tafelski, in filing her Stipulation and in not advancing argument as to why the court erred in entering summary judgment,

waived any challenge to the court's summary judgment order. He argues the court's denial of Tafelski's Motion to Amend Deadlines was interlocutory, she could have asked the court to reconsider its ruling, to hold judgment in abeyance pending trial, or to certify the order for an immediate appeal, and Tafelski "cannot use her voluntary stipulation as a mechanism to seek expedited appeal of an interlocutory order." Appellee's Brief at 13.

[14] Ryan further maintains the court did not abuse its discretion in denying Tafelski's Motion to Amend Deadlines. He asserts Tafelski "failed to provide any explanation whatsoever as to *why* she missed her expert disclosure deadline" and she "does not allege that she asked Attorney Foster to seek an extension of the expert witness disclosure deadline." *Id*. at 15. He contends, "[b]ecause [Tafelski] was in possession of all relevant information as to why she missed her expert disclosure deadline, and failed to provide any explanation, one can only deduce that such information would be unfavorable to her effort to get the deadline extended." *Id*. at 16. He claims that Attorney Foster's email stating there are "no imminent events scheduled in this case" was accurate "as the next event scheduled was a Final Pretrial Conference set for March 20, 2026," and that, "[i]f she was misled, and erroneously understood Attorney Foster's statement to mean that there were no impending *deadlines* (which seems implausible), she had the burden of saying so." *Id*. at 16-17.

[15] In reply, Tafelski argues that Ryan did not contend that the motions panel's denial of his motion to dismiss constituted clear error. She argues there was no agreed judgment, there was no contract between her and Ryan, and the trial

court entered summary judgment, not an agreed judgment. She maintains that she presented cogent argument and did not waive her challenge to the court's summary judgment order.

[16] We first address Ryan's arguments regarding dismissal and waiver. A writing panel of this Court may reconsider a decision of our motions panel while the appeal remains pending, although we are reluctant to do so. *Caccavale v. Ranger Team Bldg., LLC*, 246 N.E.3d 292, 296 (Ind. Ct. App. 2024) (citing *Means v. State*, 201 N.E.3d 1158, 1164-1165 (Ind. 2023)), *reh'g denied*, *trans. denied*. Generally, we overrule a decision of our motions panel only "where a more complete record reveals clear authority establishing that our motions panel erred." *Id.* (citing *Haggerty v. Anonymous Party 1*, 998 N.E.2d 286, 293 (Ind. Ct. App. 2013)). Our motions panel denied Ryan's motion to dismiss in which he argued that the parties entered into an agreed judgment from which Tafelski cannot appeal. "An 'Agreed Judgment' represents an agreement of the parties, not a judgment of the court." *Bemenderfer v. Williams*, 745 N.E.2d 212, 215 n.2 (Ind. 2001). The Stipulation here did not state that it was an agreement of the parties or an agreed judgment, was not signed by Ryan or his counsel, and did not purport to settle the dispute between the parties. In her Stipulation, Tafelski merely stated that she was unable to meaningfully respond to Ryan's summary judgment motion because the court denied her Motion to Amend Deadlines. We cannot say that the Stipulation constituted an agreed judgment from which the parties could not appeal or that a more complete record reveals clear authority establishing that the motions panel erred. *See* 17 IND. LAW ENCYC.

*Judgment* § 120 ("The essence of a consent judgment is that the parties have entered into a contract settling the dispute and that the court has entered judgment conforming to the terms of the agreement.").[2] We do not disturb the ruling of the motions panel.

[17] Further, the trial court's entry of summary judgment was a final judgment pursuant to Ind. Appellate Rule 2(H), and Tafelski appealed from the final judgment and challenges the court's denial of her interlocutory Motion to Amend Deadlines. The Indiana Supreme Court has held that "[a] claimed error in an interlocutory order is not waived for failure to take an interlocutory appeal but may be raised on appeal from the final judgment." *Bojrab v. Bojrab*, 810 N.E.2d 1008, 1014 (Ind. 2004) (citing *Georgos v. Jackson,* 790 N.E.2d 448 (Ind. 2003) ("there is no requirement that an interlocutory appeal be taken, and Jackson may elect to wait until the end of litigation to raise the issue on appeal from a final judgment"), *reh'g denied*). Tafelski did not waive her argument that the court erred in entering its order of summary judgment or in issuing its

---

[2] Ryan cites *Gallops v. Shambaugh Kast Beck & Williams, LLP*, where each party filed a motion to exclude certain expert testimony offered by the other, and the trial court granted Shambaugh's motion and denied the Gallopses' motion. 56 N.E.3d 59, 61 (Ind. Ct. App. 2016). "The procedural posture of the case left the Gallopses with the belief that there was little chance of success at trial on their remaining claims." *Id*. The parties entered into an agreed judgment, which the trial court accepted. *Id*. The agreement provided "Agreed Judgment," "[t]he Gallopses have expressed the desire to conserve their resources, the resources of this Court, and the resources of Allen County jurors and avoid a trial that will result in a directed verdict following the Gallopses' presentation of evidence," "[t]he parties, therefore, agree to the entry of judgment in Shambaugh Kast's favor under the following conditions: . . . ," and "Parties have tendered an Agreed Judgment to the Court, along with a request that the Court consent to the Judgment." *Id*. at 62. Unlike in *Gallops*, the parties here did not enter into an agreement. Tafelski's Stipulation simply acknowledged that, because the trial court denied her Motion to Amend Deadlines, she was unable to meaningfully respond to Ryan's summary judgment motion.

interlocutory order denying her Motion to Amend Deadlines. *See Bojrab*, 810 N.E.2d at 1014; *Baker v. Pickering*, 241 N.E.3d 1, 5 n.5 (Ind. Ct. App. 2024) ("Baker timely filed a notice of appeal from a final judgment, and the entry of that judgment and the interlocutory order . . . are appealable issues.").

[18] We turn to the trial court's order denying Tafelski's Motion to Amend Deadlines. We review the court's ruling for an abuse of discretion. *See Wright v. Miller*, 989 N.E.2d 324, 330 (Ind. 2013). We will reverse if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or the court has misinterpreted the law. *Id.*

[19] The parties cite *Wright v. Miller*, 989 N.E.2d 324 (Ind. 2013). "In [*Wright*], the trial court in a medical malpractice case granted the defendant[s'] motion to exclude the testimony of the plaintiffs' only expert witness and thus dismissed the case, where the plaintiffs' attorney failed to disclose the witness before the trial court's discovery deadline." *O'Banion v. Ford Motor Co.*, 43 N.E.3d 635, 645 (Ind. Ct. App. 2015), *trans. denied*. The Indiana Supreme Court noted that trial judges have a better sense than appellate courts of which sanctions will adequately protect the litigants in any given case, but that courts should seek to apply sanctions which have a minimal effect on the evidence presented at trial and the merits of the case, and sanctions should not be imposed when circumstances make sanctions unjust. *Wright*, 989 N.E.2d at 330. "When the offending conduct is primarily attributable to counsel and not the client, and prejudice to the opposing party is slight, due consideration should be given to sanctions directed primarily at counsel which seek to minimize prejudice to the

client and the merits of the case, while appropriately incentivizing proper future behavior of counsel." *Id.* "The *Wright* opinion also effectively treated exclusion of a witness that necessitates dismissal of a case as the sanction of dismissal itself." *O'Banion*, 43 N.E.3d at 646 (citing *Wright*, 989 N.E.2d at 331); *see Bradley v. State*, 770 N.E.2d 382, 387 (Ind. Ct. App. 2002) ("The most extreme sanction of witness exclusion should not be employed unless the defendant's breach has been purposeful or intentional or unless substantial and irreparable prejudice would result to the State.") (citing *Wiseheart v. State*, 491 N.E.2d 985, 991 (Ind. 1986)), *trans. denied*.

[20] The record reveals that Attorney Foster became Tafelski's counsel of record in May 2024. The court issued a Pre-Trial Order on May 22, 2025, setting various deadlines including an expert disclosure deadline for July 11, 2025. While Attorney Foster filed his motion to withdraw on June 18, 2025, the court did not immediately rule on the motion, but scheduled a hearing for July 23, 2025, which meant that Attorney Foster would continue to represent Tafelski at least until the time of that hearing. Attorney Foster continued to serve as Tafelski's counsel from June 18 until July 23, 2025. As the trial court noted, the parties "obviously had some discussions about an expert because there was an extension" for Ryan. Transcript Volume II at 32. Indeed, Attorney Foster's signature appears on the June 30, 2025 joint motion which reiterated Tafelski's July 11 expert disclosure deadline. Attorney Foster did not ask the court for an extension of the July 11 deadline. The court stated that it would have granted additional time for the designation of experts. Although Attorney Foster's June

18, 2025 email to Tafelski referred to "certain deadlines" in the Pre-Trial Order, Appellant's Appendix Volume II at 23, he did not specifically note the expert disclosure deadline, and he continued to represent Tafelski, signed the joint motion on June 30 which did not request modification of the deadline, and remained her counsel as the July 11, 2025 deadline passed. While Tafelski did not submit an affidavit which stated her reason for not complying with the deadline or that her counsel did or did not inform her of the deadline or the consequence of failing to comply with the deadline, it is unlikely that Tafelski instructed her counsel to ignore the deadline or not to request an extension, especially in light of the potential severe consequence to her lawsuit.

[21] As for prejudice, the Pre-Trial Order set a jury trial for April 21, 2026. Tafelski's new counsel, Attorneys Hawkins and Thomas, filed an appearance to represent Tafelski and the Motion to Amend Deadlines on August 25, 2025. The parties' counsel had only recently filed the joint motion regarding expert disclosure deadlines on June 30, 2025. A reasonable extension of the expert disclosure deadlines would not have had a significantly prejudicial effect on Ryan's defense. Although the delay could have some impact on Ryan's prospects for potential clients, the prejudice was little greater than that which is to be expected in suits of this nature. At a minimum, the prejudice to Ryan was minimal in comparison to the substantial impact on Tafelski's ability to present the merits of her case. *See Wright*, 989 N.E.2d at 331 ("[T]he prejudice to the defendants was minimal. . . . The late disclosure was . . . neither a surprise nor would it have had a deleterious or significantly prejudicial effect on the

defendants' case. The prejudice to the defendants was little greater than that which is to be expected in suits of this nature. In contrast, as demonstrated by the trial court's conclusion that the exclusion required dismissal, the exclusion of the plaintiffs' expert would have had a substantial effect on their ability to present the merits of their case."). Further, "in Indiana there is a marked judicial deference for deciding disputes on their merits and for giving parties their day in court." *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 649 (Ind. Ct. App. 2008).

[22] Under the circumstances, we conclude that the denial of Tafelski's Motion to Amend Deadlines, which effectively deprived Tafelski of her ability to present the merits of her case, was inconsistent with the logic and effect of the facts and circumstances presented. As we reverse the court's decision to deny the Motion to Amend Deadlines, and Tafelski's Stipulation was based on that decision, we also reverse the court's entry of summary judgment. *See Wright*, 989 N.E.2d at 331-332 (finding exclusion of expert witness "was inconsistent with the logic and effect of the facts and circumstances presented," order of dismissal "was directly grounded upon" the decision to exclude expert for discovery deadline violation, and "[b]ecause we have concluded that such witness exclusion was erroneous, the basis for the resulting case dismissal evaporates and the granting of the defendants' motion to dismiss was likewise erroneous").

[23] For the foregoing reasons, we reverse the trial court's order denying Tafelski's Motion to Amend Deadlines and its entry of summary judgment, and we remand for further proceedings.

Reversed and remanded.


Bailey, J., and Weissmann, J., concur.


ATTORNEYS FOR APPELLANT

Gabriel A. Hawkins
Brett B. Thomas
CohenMalad, LLP
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Dina M. Cox
J. Neal Bowling
Lewis Wagner & Trimble
Indianapolis, Indiana